# MANDATE

(DIST. OF CONN)(N.H.)
02-cn-229
BURNS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of April, two thousand and five.

PRESENT:

    HON. WILFRED FEINBERG,
    HON. ROBERT D. SACK,
    HON. ROBERT A. KATZMANN,

             Circuit Judges.

------------------------------------------------

UNITED STATES OF AMERICA,

    Appellee,

    - v -                                 No. 03-1667

GORDON MILLER,
also known as Shacara Miller,

    Defendant-Appellant.

------------------------------------------------

| | |
|---|---|
| Appearing for Appellant: | JEFFREY C. KESTENBAND, Moriarty & Paetzold, LLC, Glastonbury, CT. |
| Appearing for Appellee: | SANDRA S. GLOVER, Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, Calvin B. Kurimai, of counsel), New Haven, CT. |

ISSUED AS MANDATE: 4-25-05

Appeal from the United States District Court for the District of Connecticut (Ellen Bree Burns, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant-appellant, Gordon Miller, also known as Shacara Miller, appeals from a judgment of sentence entered October 23, 2003, by the United States District Court for the District of Connecticut.

Miller pleaded guilty on December 19, 2002, to count one of an indictment charging her with mail fraud, in violation of 18 U.S.C. § 1341. The offense conduct involved a scheme devised by the defendant, for which she enlisted the participation of others, to purchase merchandise with checks obtained fraudulently under false names. The Probation Office prepared a Presentence Report ("PSR") and, following the November 1, 1998 Guidelines to avoid ex post facto concerns, <u>see</u> U.S.S.G. § 1B1.11(b)(1), calculated the defendant's total adjusted offense level to be thirteen. The PSR also assigned the defendant a Criminal History Category ("CHC") of III because, although the defendant was convicted thirty-five times from age eighteen to the point at which she was sentenced in this case, her sentences -- which for the most part involved suspended terms of imprisonment -- each counted for one point, up to a maximum of four points, <u>see</u> U.S.S.G. §§ 4A1.1(c); 4A1.2(3), and her prior sentences imposed over ten years before the instant offense were not counted, <u>see</u> U.S.S.G. §§ 4A1.1, Application Note 3; 4A1.2(e). In sentencing the defendant, the district court departed upward to a Criminal History Category of IV pursuant to U.S.S.G. § 4A1.3, which provides that a court may depart "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." The court principally sentenced the defendant, at the high end of the resulting sentencing range, to 30 months' imprisonment.

The defendant claims that the case must be remanded for resentencing because the district court did not adequately explain the basis for its upward departure under U.S.S.G. § 4A1.3, in violation of 18 U.S.C. § 3553(c)(2). The defendant clarified at oral argument that she does <u>not</u> seek a remand, in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005).

We conclude that the court complied with 18 U.S.C. § 3553(c)(2) -- which was left unimpaired by Booker, see Crosby, 397 F.3d at 116 -- under which a court must state in open court "the specific reason" for the imposition of a sentence that departs from the applicable Guidelines range and also state those reasons "with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c)(2). The district court referred to Miller's previous convictions, noted the pending charges against her at the time of sentencing, observed that Miller had previously served very little time despite her "extremely lengthy criminal record," and noted that "her criminal activity has escalated over the period of the last 20 or so years." The court's stated reasons are similar to those that we found to be "explicitly articulated" in United States v. Diaz-Collado, 981 F.2d 640, 644 (2d Cir. 1992); by contrast, the court did not fail to make any findings supporting its departure, as in United States v. Thorn, 317 F.3d 107, 131 (2d Cir. 2003), nor did it make only a short "cryptic statement," with no reference to U.S.S.G. § 4A1.3, as support for a significant departure, as in United States v. Cervantes, 878 F.2d 50, 54 (2d Cir. 1989), nor did it purport to depart under U.S.S.G. § 5K2.0 and significantly increase the sentence, effectively jumping several levels, without an adequate explanation, as in United States v. Deutsch, 987 F.2d 878, 887 (2d Cir. 1993) and United States v. Tropiano, 50 F.3d 157, 163 (2d Cir. 1995). The court's reasons also appear to have been stated with sufficient specificity, although more sparsely, in the written judgment -- an issue not raised by the defendant.

The court's statement of reasons is sufficient for us to review the departure, which we agree was warranted. The court relied on several factors which we have found to be relevant to an analysis under U.S.S.G. § 4A1.3, including: the fact that Miller continued to engage in criminal activity despite the very lenient sentences she received, see United States v. Gayle, 389 F.3d 406, 410 (2d Cir. 2004); the escalating pattern of the defendant's criminal conduct, see Diaz-Collado, 981 F.2d at 644; and the charges for credit card fraud and grand larceny pending against Miller at the time of sentencing, see United States v. Sturgis, 869 F.2d 54, 57 (2d Cir. 1989). The departure was further supported by other factors not explicitly referred to by the district court, including Miller's uncharged similar criminal conduct, see Gayle, 389 F.3d at 410-11, and the fact that she committed the instant offense less than a week after being arrested for assaulting an officer, see U.S.S.G. § 4A1.3(d).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

_____  April 1, 2005
By: Oliva M. George, Deputy Clerk      Date

A TRUE COPY
Roseann B. Mackechnie, CLERK
by _____
         DEPUTY CLERK